IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL COREY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00439-TMP |
| ) | |
| CITY OF HOMEWOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This matter is before the court on the defendant City of Homewood's Motion for Summary Judgment filed on June 20, 2018. (Doc. 67). The City of Homewood ("the City") seeks to dismiss Counts I and IV of plaintiff's complaint, which allege violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The parties have consented to dispositive jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). (Doc. 10). The plaintiff failed to respond to the motion,[1] and therefore, the undersigned enters the following Memorandum Opinion.

---

[1] In the Memorandum Opinion entered on June 12, 2018, the court allowed the City to file a motion for summary judgment within twenty-one (21) days of the entry of the opinion and allowed the plaintiff to file a response within twenty-one (21) days of the filing of the motion for summary judgment. Because the City timely filed its motion on June 20, 2018, the plaintiff had until July 11, 2018, to file a response to the motion. Furthermore, the Initial Order entered in this

The court previously dismissed the Due Process and Equal Protection claims brought against defendants Ross and Jeffcoat in Counts I and IV. (Doc. 35 at 23-24). For the same reasons stated in the Memorandum Opinion dated December 27, 2016, the City's motion (doc. 67) is due to be GRANTED. (Id.). The proper constitutional vehicle to pursue any possible claim for the plaintiff's arrest arose under the Fourth Amendment, not the Fourteenth Amendment. Furthermore, as the City asserts (doc. 68 at 4-5), the plaintiff has failed to demonstrate that the City "had a policy or custom that constituted a deliberate indifference of that constitutional right" necessary to trigger municipal liability under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91 (1978). See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

A separate order will be entered.

**DONE** and **ORDERED** on July 12, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

---

case provided the plaintiff with twenty-one (21) days to respond to any dispositive motion. (Doc. 12, p. 5, § IV.B.1.).